WRITTEN OBJECTION AND LEGAL BRIEF PREPARED BY

# DAVID L. WEIN

### BANKRUPTCY CASE 13-27331-EEB

FILED
KENNETH S. GARDNER
CLERK

2014 MAR 24  AM 10: 41

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

US Bankruptcy Court for the District of Colorado          March 18, 2014
Honorable Elizabeth E. Brown
Courtroom C501

Honorable Judge Brown,

My name is David L. Wein, and I am again vehemently writing you today in reference to Mr. Mark T. Schwab's Chapter 13 Bankruptcy case.   (Exhibit 1, Official Form 10).  I am one of three founders of Ephor, Inc., located in Colorado Springs, Colorado, which is a multi-million dollar mid stage growth company that trains Special Forces soldiers.   Mr. Mark T. Schwab and Mr. James H. Taylor and I founder Ephor, Inc. in 2009, and I spent 2010 working full time for Ephor, Inc. to develop and capture lucrative contracts for Prime Contractors under the U.S. Government.

In early 2011 we won our first multi-million dollar contract with Raytheon and were on our way toward success, just weeks before Mr. Schwab and Mr. Taylor decided to take control of the company, including my property and a large amount of unpaid compensation. They hired the largest law firm in Colorado Springs, Sherman and Howard LLC, which I believe they thought would allow them to successfully win default or other court judgments.  In March of 2011, case 2011CV1883 was initiated, and by May 2011 I was served and had filed my counter claims with the District Court in El Paso County and subsequently retained counsel on my behalf.  Mr. Schwab and Mr. Taylor (two of four original conspirators) were added to 2011CV1883 in September 2011 as third party defendants, just three months before Judge McHenry of the District Court ordered Ephor, Inc. to pay Indemnification of $100,000 to me. In January 2012 Mr. Richard W. Sullivan, claiming to be the CFO (while working directly under Mr. Schwab the CEO of Ephor Inc.) filed an untruthful Financial Affidavit with the District Court in an attempt to reduce the amount of Indemnification immediately payable to me.  During that same month Mr.

1

Schwab was in another division of District Court in El Paso County attempting Mortgage Fraud (CRC Procedure 120) for a million dollar real estate property, until the District Attorneys office became involved. As further reference to personal issues 2004CV4201, 2008CV792, 2008CV1550, 2008CV5830, 2009CV1750, 2011CV1883, 2011CV4317, 2011CV6401 and 2012CV3152 are some of Mr. Schwab's and Mr. Taylor's many District Court cases accessible via public records. (Exhibit 2, El Paso County Court Public Records).

Because Ephor, Inc., being controlled by Mr. Schwab, Mr. Taylor and Mr. Sullivan, withheld court ordered Indemnification (the only amount that has ever been paid to date was $12,000 in May 2012), and due to other issues, my first attorney withdrew in March 2012. Mr. David Wollin's of David Wollins, P.C., made his appearance on my behalf under 2011CV1883 in April of 2012. Mr. Wollins would not represent me under this Bankruptcy proceeding; however, he is still engaged as my attorney for District Court proceedings under 2011CV1883. Against my desire all actions concerning all parties under 2011CV1883 have been "STAYED" as a consequence of Mr. Schwab's bankruptcy.

Your Honor, I am personally writing this legal brief and objection to let you and the Federal Court know how important it is for Mr. Schwab to be required to attend future hearings and court actions in District Court under 2011CV1883, not only on my behalf, but also concerning Ephor, Inc. My fear is that somehow Mr. Schwab will use this Chapter 13 Bankruptcy proceeding to avoid his legal requirements to appear in El Paso District Court where he can further be held accountable for his self-dealing actions, including the Fifth Verified Contempt of Court hearing that was scheduled and ongoing October 16, 2013. At that time Mr. Schwab surprisingly notified the District Court about this Bankruptcy case.

According to Mr. Schwab's original and direct subsequent amendment (Debtor's Amended Plan dated December 31, 2013), Ephor, Inc. owes me money. The District Court of El Paso County has not attempted to obtain nor awarded me any type of judgment against Mr. Schwab. Although Mr. Schwab may have reduced his latest claim via amended bankruptcy plan to $0.00 (no dollars) I believe he is still attempting to somehow discharge (or have forgiven) future claims that could most probably be awarded to me, against him, for actions and proceedings that have not yet occurred in District Court. Please use the soundness and judgment of this court to ensure that I am not penalized or otherwise prevented from receiving and pursuing future judgments against Mr. Schwab who has purposefully caused me so much harm.

Nor as previously stated do I agree with Mr. Schwab's original Bankruptcy Plan (Doc #1, pg 29 of 47 filed October 15, 2013) showing the El Paso County Court Clerk as a Creditor representing me or otherwise. Furthermore, as pertaining to this latest and most recent amended Bankruptcy Plan, I again state that I AM NOT A CREDITOR and ask the court to treat this case, including possible future awards that I may receive via El Paso District Court, in such a matter as to be equitable and fair.

As I stated earlier we were actually in the courtroom on October 16, 2013 beginning Mr. Schwab's show cause hearing when he used this bankruptcy process to immediately delay that hearing. Nevertheless, as per Judge McHenry's ruling's during the last couple of years, and notwithstanding select percentages and forthcoming financial affidavits that are still unfiled etc... Ephor, Inc. and other parties owe me an amount to be determined at trial under 2011CV1883.

To keep my comments brief, I will plainly state that after 22 months with District Court hearings focused almost solely on Indemnification, this due to Mr. Schwab's purposeful obfuscation, financial manipulation, delays, and soon to be proven fraud, theft, and perjury I should finally have my day in District Court. My family and I have been severely harmed by actions of Mr. Schwab. My fifteen claims against all parties are currently scheduled for Trial by Jury in May 2014. Besides Mr. Schwab being on record stating that "He isn't going to pay Mr. Wein one penny." History and further objection reasoning is listed below:

Prior to a sworn 30 (b)(6) corporate deposition of Mr. Schwab the CEO of Ephor, Inc., conducted on November 15 and December 5, 2012, Mr. Wein was fortunate enough to discover a front company ARES MANAGEMENT GROUP, LLC via internet search, and not by or due to any actions or due to the few documents that either Ephor, Inc., corporate officers or third party defendants provided. During the deposition Mr. Wein immediately became aware that Ephor, Inc. officers Schwab, Taylor and Sullivan had committed fraud, filed a false affidavit, were controlling the company CPA firm of Wiechmann Boyce reports such that they were not allowed to produce true and accurate GAAP or FAS standard records, and that these three corporate officers were involved in an Employment Tax Evasion Scheme.

ARES MANAGEMENT GROUP, LLC a Nevada, Corporation, owned by Mr. Schwab, Mr. Taylor and Mr. Sullivan, hatched a scheme in September 2011 to avoid reporting to the IRS, and to the District Court of El Paso County, among others, the withholding of tax payments. This was partly accomplished by obscuring the real purpose and destination of these payments by depicting non-itemized and non-personnel corporate deductions under the accounting title of "Consulting Expense". As can be seen in (Exhibit 3, Ruling on Defendant David Wein's Verified Contempt under 2011CV1883 on March 22, 2013) in totality, and via the

excerpt below from page 5 of Judge McHenry's Ruling, the purpose and the results of this Tax Evasion Scheme allowed the depositing and subsequently withdrawing of funds, directing corporate payments to ARES MANAGEMENT GROUP, LLC, and further into individual bank accounts for each of the three Ephor, Inc. officers who were owners of ARES MANAGEMENT GROUP, LLC, for an amount over $220,000 dollars.

"Mr. Taylor, Mr. Sullivan and Mr. Schwab formed ARES Management Group, LLC, in September 2011, the same month that Defendant Wein moved the court for advancement or indemnification of his legal fees pursuant to Ephor's bylaws. They did this for the sole purpose of diverting funds from Ephor, Inc., to a Nevada corporation, ARES Management Group, LLC, to be used as an undisclosed conduit to pay wages to Messrs. Sullivan, Taylor and Schwab for services rendered to Ephor."

The purpose for hiding and not reporting these funds among others was:

1.  By conducting detailed planning and execution for tax evasion, including the hiring of several interstate legal and CPA firms, for the purpose of setting up a Tax Scheme allowing the three officers Schwab, Taylor and Sullivan to avoid payroll tax withholding.  Thus to avoid reporting and the withholding of taxes, which almost certainly provided a benefit to each of them for tens of thousands of dollars in Federal, State, FICA and Medicare taxes which they were legally required to pay.

2.  By hiding from the District Court, while subsequently starving out Mr. Wein's attorneys, those amounts that were secretly being distributed to each of the three Ephor, Inc. officers, such that they would not have to claim they were in fact being compensated by Ephor, Inc. Nor according to these three officers, including a signed affidavit by Mr. Sullivan in January, 2012, who claimed during court hearings to be the CFO of Ephor, Inc., did the corporation have sufficient funds available to pay any of the court ordered indemnification to Mr. Wein . *This is now the law of the case under 2011CV1883 and includes a $10,000 court fine and $100.00 per day for each day, beginning with March 23, 2012 that Ephor, Inc. does not pay the Indemnification to Mr. Wein.  (Exhibit 3, Ruling on Defendant David Wein's Verified Contempt under 2011CV1883 on March 22, 2013).

3.  To allow these three corporate officers to evade Federal and Internal Revenue Service tax laws, notwithstanding or including failure to withhold, failure to file withholding, failure to pay tax, and failure to file appropriate tax returns.

4.  Concerning Ephor, Inc., a C Corporation and separate taxpaying entity, the company could misstate its tax basis concerning contractor or employee withholding, and inevitably the "consulting expense" deduction against revenues.  I'll remind the court that as recently as Mr. Schwab's last deposition in December 2012, that he had stated for the record that he had check writing authority and was the President and CEO of Ephor, Inc.

Respectfully Submitted,

/s/ David L. Wein

4

Attachments:

Exhibit 1  Official Form 10
Exhibit 2  El Paso County Court Public Records
Exhibit 3 Ruling on Defendant David Wein's Verified Contempt under 2011CV1883 on March 22, 2012

Mailing Address: Mr. David L. Wein
4164 Austin Bluffs Pkwy, #236 Colorado Springs, Colorado 80918.

EXHIBIT 1

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | District of Colorado | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: **MARK THOMAS SCHWAB** | Case Number: **13-27331-33B** |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**EPHOR, INC. MR. DAVID L. WEIN OBJECTS TO TITLE OF CREDITOR**

**COURT USE ONLY**

Name and address where notices should be sent:

**4164 AUSTIN BLUFFS PKWY #236
COLORADO SPRINGS, COLORADO 80918**

Telephone number:          email:

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
  (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:          email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**          $_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** __EL PASO DISTRICT COURT 11CV1883_____
  (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** 0  0  8  6 | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏Real Estate   ❏Motor Vehicle   ❏Other
**Describe:**

**Value of Property: $_____**

**Annual Interest Rate_____% ❏Fixed  or  ❏Variable**
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
                    $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)

2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
or their authorized agent.    (See Bankruptcy Rule 3005.)
*(See Bankruptcy Rule 3004.)*

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  DAVID L. WEIN
Title:
Company:                                                                /S/ DAVID L. WEIN                    03/18/2014
Address and telephone number (if different from notice address above):    (Signature)                              (Date)

Telephone number:                    email:

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check *the box if interest or other charges are included in the claim.*

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
*State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.*

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5.  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6.  Credits:**
An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7.  Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8.  Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)

3

_____DEFINITIONS_____          _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

EXHIBIT 2

El Paso County Official Public Records Search Results – Printer Friendly

4/1/12 11:02 PM

Recording Database: 01/01/1984 - 4/1/2012

# Official Public Records Search Results

| Instrument Number | Book | Page | Date Recorded | Document Type | Grantor* | Grantee* | Number of Pages |
|---|---|---|---|---|---|---|---|
| 207024136 | 0 | 0 | 2/22/2007 | QUIT CLAIM DEED | DUKE ASSETS LLC | SCHWAB MARK T | 1 |
| 206172682 | 0 | 0 | 11/28/2006 | QUIT CLAIM DEED | DUKE ASSETS LLC | SCHWAB MARK T | 1 |
| 206019103 | 0 | 0 | 2/6/2006 | QUIT CLAIM DEED | SCHWAB MARK | DUKE ASSETS LLC | 1 |
| 206021474 | 0 | 0 | 2/9/2006 | DEED OF TRUST | DUKE ASSETS LLC | MOUNTAIN VIEW BANK PT | 8 |
| 206186414 | 0 | 0 | 12/27/2006 | STATEMENT | DUKE ASSETS LLC | DUKE ASSETS LLC | 1 |
| 206186414 | 0 | 0 | 12/27/2006 | STATEMENT | DUKE ASSETS LLC | DUKE ASSETS LLC | 1 |
| 206186415 | 0 | 0 | 12/27/2006 | WARRANTY DEED | SISK MICHAEL G + | DUKE ASSETS LLC | 2 |
| 206186416 | 0 | 0 | 12/27/2006 | DEED OF TRUST | DUKE ASSETS LLC | SISK MICHAEL G PT ~ | 20 |
| 206186417 | 0 | 0 | 12/27/2006 | ASSIGNMENT OF RENTS | DUKE ASSETS LLC | SISK MICHAEL G + | 8 |
| 206186418 | 0 | 0 | 12/27/2006 | UCC1 FINANCE STATEMENT | DUKE ASSETS LLC | SISK MICHAEL G + | 5 |
| 207034656 | 0 | 0 | 3/14/2007 | DEED OF TRUST | DUKE ASSETS LLC | MOUNTAIN VIEW BANK PT | 8 |
| 207040697 | | | 3/27/2007 | STATEMENT | DUKE ASSETS LLC | DUKE ASSETS LLC | 1 |
| 207040697 | | | 3/27/2007 | STATEMENT | DUKE ASSETS LLC | DUKE ASSETS LLC | 1 |
| 207040698 | | | 3/27/2007 | QUIT CLAIM DEED | DUKE ASSETS LLC | SCHWAB MARK T | 1 |
| 207118526 | 0 | 0 | 9/12/2007 | QUIT CLAIM DEED | DUKE ASSETS LLC | 1020 WRNIMONT CIRCLE TRUST | 1 |
| 207118531 | 0 | 0 | 9/12/2007 | QUIT CLAIM DEED | DUKE ASSETS LLC | 646 WELSH CIRCLE TRUST | 1 |
| 207118530 | 0 | 0 | 9/12/2007 | QUIT CLAIM DEED | DUKE ASSETS LLC | 2172 ROUNDTOP COURT TRUST | 1 |
| 207118529 | 0 | 0 | 9/12/2007 | QUIT CLAIM DEED | DUKE ASSETS LLC | 1121 CREE DRIVE TRUST | 1 |
| 207118528 | 0 | 0 | 9/12/2007 | QUIT CLAIM DEED | DUKE ASSETS LLC | 8965 PEYOTE WAY TRUST | 1 |
| 207118527 | 0 | 0 | 9/12/2007 | QUIT CLAIM DEED | DUKE ASSETS LLC | 764 NORDIC DRIVE TRUST | 1 |
| 206009625 | 0 | 0 | 1/23/2006 | QUIT CLAIM DEED | SCHWAB MARK T | DUKE ASSETS LLC | 1 |
| 206009623 | 0 | 0 | 1/23/2006 | QUIT CLAIM DEED | SCHWAB MARK T | DUKE ASSETS LLC | 1 |
| 206009622 | 0 | 0 | 1/23/2006 | QUIT CLAIM DEED | SCHWAB MARK T | DUKE ASSETS LLC | 1 |
| 206117695 | 0 | 0 | 8/9/2006 | QUIT CLAIM DEED | DUKE ASSETS LLC | SCHWAB MARK | 1 |
| 206140931 | 0 | 0 | 9/22/2006 | QUIT CLAIM DEED | DUKE ASSETS LLC | SCHWAB MARK | 1 |
| 206009621 | 0 | 0 | 1/23/2006 | QUIT CLAIM DEED | SCHWAB MARK | DUKE ASSETS LLC | 1 |
| 206009620 | 0 | 0 | 1/23/2006 | QUIT CLAIM DEED | SCHWAB MARK T | DUKE ASSETS LLC | 1 |
| 210082365 | | | 8/25/2010 | PT NOTICE OF ELECTION AND DEMAND | DUKE ASSETS LLC | SISK MICHAEL G + | 2 |

El Paso County Official Public Records Search Results - Printer Friendly                                4/1/12 11:02 PM

| 211002497 | | | 1/7/2011 | PUBLIC TRUSTEE DEED | DUKE ASSETS LLC PT | SISK MICHAEL G + | 1 |
| 207062501 | 0 | 0 | 5/8/2007 | RELEASE OF DEED OF TRUST | MOUNTAIN VIEW BANK PT | DUKE ASSETS LLC | 1 |
| 207085497 | 0 | 0 | 6/26/2007 | QUIT CLAIM DEED | SCHWAB MARK T | DUKE ASSETS LLC | 1 |
| 207085496 | 0 | 0 | 6/26/2007 | QUIT CLAIM DEED | SCHWAB MARK T | DUKE ASSETS LLC | 1 |
| 207040536 | 0 | 0 | 3/26/2007 | QUIT CLAIM DEED | SCHWAB MARK | DUKE ASSETS LLC | 1 |
| 207040537 | 0 | 0 | 3/26/2007 | QUIT CLAIM DEED | SCHWAB MARK T | DUKE ASSETS LLC | 1 |
| 210131205 | | | 12/23/2010 | PT CERTIFICATE OF PURCHASE | DUKE ASSETS LLC PT | SISK MICHAEL G + | 4 |
| 206009624 | 0 | 0 | 1/23/2006 | QUIT CLAIM DEED | SCHWAB MARK | DUKE ASSETS LLC | 1 |
| 208013450 | 0 | 0 | 2/4/2008 | MODIFICATION AGREEMENT OR CONSOLIDATION AGREEMENT | DUKE ASSETS LLC | MOUNTAIN VIEW BANK | 2 |

* + indicates additional names

2

El Paso County Official Public Records Search Results – Printer Friendly                    4/1/12 11:00 PM

Recording Database: 01/01/1984 - 4/1/2012

# Official Public Records Search Results

| Instrument Number | Book | Page | Date Recorded | Document Type | Grantor* | Grantee* | Number of Pages |
|---|---|---|---|---|---|---|---|
| 204117506 | | | 7/14/2004 | QUIT CLAIM DEED | SCHWAB MARK T | HARLEY TRUST | |
| 204117507 | | | 7/14/2004 | QUIT CLAIM DEED | SCHWAB MARK T | HARLEY TRUST | |
| 204117508 | | | 7/14/2004 | QUIT CLAIM DEED | SCHWAB MARK T | HARLEY TRUST | |
| 204117509 | | | 7/14/2004 | QUIT CLAIM DEED | SCHWAB MARK T | HARLEY TRUST | |
| 204185949 | | | 11/9/2004 | QUIT CLAIM DEED | SCHWAB MARK T | HARLEY TRUST | 1 |
| 205007382 | 0 | 0 | 1/14/2005 | STATEMENT | HARLEY TRUST + | HARLEY TRUST + | 1 |
| 205007382 | 0 | 0 | 1/14/2005 | STATEMENT | HARLEY TRUST + | HARLEY TRUST + | 1 |
| 205007383 | 0 | 0 | 1/14/2005 | WARRANTY DEED | HARLEY TRUST + | GRAHAM MICHAEL S + | 1 |
| 205030860 | 0 | 0 | 3/3/2005 | QUIT CLAIM DEED | HARLEY TRUST + | SCHWAB MARK T | 1 |
| 205030861 | 0 | 0 | 3/3/2005 | QUIT CLAIM DEED | HARLEY TRUST + | SCHWAB MARK T | 1 |
| 205030862 | 0 | 0 | 3/3/2005 | QUIT CLAIM DEED | HARLEY TRUST + | SCHWAB MARK T | 1 |
| 205030864 | 0 | 0 | 3/3/2005 | QUIT CLAIM DEED | HARLEY TRUST + | SCHWAB MARK T | 1 |

* + indicates additional names

3

El Paso County Official Public Records Search Results – Printer Friendly                    4/1/12 10:57 PM

Recording Database: 01/01/1984 - 4/1/2012

# Official Public Records Search Results

| Instrument Number | Book | Page | Date Recorded | Document Type | Grantor* | Grantee* | Number of Pages |
|---|---|---|---|---|---|---|---|
| 208026221 | | | 3/5/2008 | SATISFACTION OF LIEN | AP DRYWALL * | SCHWAB MARK * | 1 |
| 205191133 | 0 | 0 | 11/30/2005 | WARRANTY DEED | BLACK FOREST RESERVE HOMEOWNERS ASSOCIATION INC | BAYWOOD HOMES INC | 2 |
| 206074731 | 0 | 0 | 5/23/2006 | WARRANTY DEED | JOSEPH EDWIN CANON FAMILY REVOCABLE TRUST * | BAYWOOD HOMES INC | 1 |
| 206074732 | 0 | 0 | 5/23/2006 | DEED OF TRUST | BAYWOOD HOMES INC | PUEBLO BANK AND TRUST COMPANY PT | 7 |
| 206123450 | 0 | 0 | 8/22/2006 | QUIT CLAIM DEED | BAYWOOD HOMES INC | SCHWAB MARK * | 1 |
| 206080162 | 0 | 0 | 6/1/2006 | DISBURSER'S NOTICE | BRAZEAU CRAIG E * | | 1 |
| 206123452 | 0 | 0 | 8/22/2006 | DISBURSER'S NOTICE | SCHWAB MARK | | 2 |
| 204130235 | | | 8/3/2004 | LIEN/NOTICE OF LIEN | LAY GINA * | STRATMOOR DR 207 | |
| 205191134 | 0 | 0 | 11/30/2005 | WARRANTY DEED | BLACK FOREST RESERVE HOMEOWNERS ASSOCIATION INC | BAYWOOD HOMES INC | 2 |
| 204176543 | | | 10/22/2004 | LIS PENDENS | BAYWOOD HOMES INC * | STOCK BUILDING SUPPLY INC | 1 |
| 205187026 | 0 | 0 | 11/22/2005 | UCC1 FINANCE STATEMENT | BAYWOOD HOMES INC | FIRST UNITED BANK | 3 |
| 205187025 | 0 | 0 | 11/22/2005 | SUBORDINATE LIEN AGREEMENT/SUBORDINATION AGREEMENT | BAYWOOD HOMES INC | FIRST UNITED BANK | 1 |
| 205187024 | 0 | 0 | 11/22/2005 | DISBURSER'S NOTICE | BAYWOOD HOMES INC * | | 1 |
| 205187023 | 0 | 0 | 11/22/2005 | DEED OF TRUST | BAYWOOD HOMES INC | FIRST UNITED BANK PT | 5 |
| 207051060 | 0 | 0 | 4/16/2007 | DISBURSER'S NOTICE | SCHWAB MARK T * | | 1 |
| 205187022 | 0 | 0 | 11/22/2005 | WARRANTY DEED | BLACK FOREST PARTNERS LLC | BAYWOOD HOMES INC | 1 |
| 205187825 | 0 | 0 | 10/20/2005 | DEED OF TRUST | BAYWOOD HOMES INC | MOUNTAIN VIEW BANK PT | 9 |
| 207021160 | 0 | 0 | 2/13/2007 | LIEN/NOTICE OF LIEN | BAYWOOD HOMES | WOOD MICHAEL C | 2 |
| 206066672 | 0 | 0 | 5/10/2006 | DEED OF TRUST | BAYWOOD HOMES INC * | FIRST UNITED BANK PT | 6 |
| 207053866 | 0 | 0 | 4/20/2007 | DEED OF TRUST | BAYWOOD HOMES INC | TEDDER DEBRA J PT | 10 |
| 206068670 | 0 | 0 | 5/10/2006 | WARRANTY DEED | BLACK FOREST PARTNERS LLC | BAYWOOD HOMES INC | 1 |
| 207154900 | 0 | 0 | 12/5/2007 | LIEN/NOTICE OF LIEN | BAYWOOD HOMES | ROCKY MOUNTAIN METALCRAFT INC | 2 |
| 206133511 | 0 | 0 | 9/11/2006 | QUIT CLAIM DEED | SCHWAB MARK * | BAYWOOD HOMES INC | 1 |

El Paso County Official Public Records Search Results – Printer Friendly

4/1/12 10:57 PM

| 207063456 | 0 | 0 | 5/10/2007 | DISBURSER'S NOTICE | SCHWAB MARK T + | | 1 |
| 208058873 | 0 | 0 | 5/10/2006 | DISBURSER'S NOTICE | SCHWAB MARK T + | | 1 |
| 206013046 | 0 | 0 | 1/26/2006 | WARRANTY DEED | BLACK FOREST RESERVE HOMEOWNERS ASSOCIATION INC | BAYWOOD HOMES INC | 2 |
| 207079591 | 0 | 0 | 8/13/2007 | DISBURSER'S NOTICE | SCHWAB MARK T + | | 1 |
| 206058874 | 0 | 0 | 5/10/2006 | UCC1 FINANCE STATEMENT | BAYWOOD HOMES INC | FIRST UNITED BANK | 3 |
| 207092517 | 0 | 0 | 7/12/2007 | DISBURSER'S NOTICE | SCHWAB MARK T + | | 1 |
| 207096576 | 0 | 0 | 7/26/2007 | DISBURSER'S NOTICE | SCHWAB MARK T + | | 1 |
| 207107961 | 0 | 0 | 8/17/2007 | DISBURSER'S NOTICE | SCHWAB MARK T + | | 1 |
| 207109187 | 0 | 0 | 8/21/2007 | DISBURSER'S NOTICE | SCHWAB MARK T | | 1 |
| 206179172 | 0 | 0 | 12/11/2006 | LIEN/NOTICE OF LIEN | BAYWOOD HOMES INC | GYPSUM PRODUCTS INC | 2 |
| 206164328 | 0 | 0 | 12/19/2006 | DISBURSER'S NOTICE | ZUDE DAVID M + | | 1 |
| 207125824 | 0 | 0 | 9/27/2007 | DISBURSER'S NOTICE | SCHWAB MARK T + | | 1 |
| 207037616 | 0 | 0 | 3/20/2007 | WARRANTY DEED | BLACK FOREST PARTNERS LLC | BAYWOOD HOMES INC | 1 |
| 207037617 | 0 | 0 | 3/20/2007 | WARRANTY DEED | BLACK FOREST RESERVE HOMEOWNERS ASSOCIATION INC | BAYWOOD HOMES INC | 2 |
| 207037618 | 0 | 0 | 3/20/2007 | DEED OF TRUST | BAYWOOD HOMES INC | MOUNTAIN VIEW BANK PT | 8 |
| 207053865 | 0 | 0 | 4/20/2007 | DEED OF TRUST | BAYWOOD HOMES INC | SCHECTERLY INTERNATIONAL INC PT | 10 |
| 208091740 | 0 | 0 | 8/15/2008 | POWER OF ATTORNEY | BAYWOOD HOMES INC | SCHWAB EVELYN | 1 |
| 208091741 | 0 | 0 | 8/15/2008 | WARRANTY DEED | BAYWOOD HOMES INC | KARNS CHRISTINE | 1 |
| 205144126 | 0 | 0 | 9/14/2005 | WARRANTY DEED | BLACK FOREST PARTNERS LLC | BAYWOOD HOMES INC | 1 |
| 205144127 | 0 | 0 | 9/14/2005 | DEED OF TRUST | BAYWOOD HOMES INC | MOUNTAIN VIEW BANK PT | 8 |
| 206036026 | 0 | 0 | 3/10/2006 | WARRANTY DEED | BLACK FOREST PARTNERS LLC | BAYWOOD HOMES INC | 1 |
| 206036027 | 0 | 0 | 3/10/2006 | WARRANTY DEED | BLACK FOREST RESERVE HOMEOWNERS ASSOCIATION INC | BAYWOOD HOMES INC | 2 |
| 206036028 | 0 | 0 | 3/10/2006 | DEED OF TRUST | BAYWOOD HOMES INC – | FIRST UNITED BANK PT | 6 |
| 208058530 | 0 | 0 | 5/21/2008 | PUBLIC TRUSTEE DEED | BAYWOOD HOMES INC PT | COLORADO NATIONAL BANK MAIN | 1 |
| 206036029 | 0 | 0 | 3/10/2006 | DISBURSER'S NOTICE | FIRST UNITED BANK + | | 1 |
| 206036030 | 0 | 0 | 3/10/2006 | UCC1 FINANCE STATEMENT | BAYWOOD HOMES INC | FIRST UNITED BANK | 3 |

El Paso County Official Public Records Search Results – Printer Friendly                    4/1/12 10:57 PM

| 205036031 | 0 | 0 | 3/10/2006 | SUBORDINATE LIEN AGREEMENT/SUBORDINATION AGREEMENT | BAYWOOD HOMES INC | FIRST UNITED BANK | 1 |
| 206036018 | 0 | 0 | 3/10/2006 | WARRANTY DEED | BLACK FOREST PARTNERS LLC | BAYWOOD HOMES INC | 1 |
| 206036019 | 0 | 0 | 3/10/2006 | WARRANTY DEED | BLACK FOREST RESERVE HOMEOWNERS ASSOCIATION INC | BAYWOOD HOMES INC | 2 |
| 206036020 | 0 | 0 | 3/10/2006 | DEED OF TRUST | BAYWOOD HOMES INC | FIRST UNITED BANK PT | 6 |
| 206036021 | 0 | 0 | 3/10/2006 | DISBURSER'S NOTICE | FIRST UNITED BANK + | | 1 |
| 206036022 | 0 | 0 | 3/10/2006 | UCC-1 FINANCE STATEMENT | BAYWOOD HOMES INC | FIRST UNITED BANK | 3 |
| 206036023 | 0 | 0 | 3/10/2006 | SUBORDINATE LIEN AGREEMENT/SUBORDINATION AGREEMENT | BAYWOOD HOMES INC | FIRST UNITED BANK | 1 |
| 207030567 | 0 | 0 | 3/6/2007 | WARRANTY DEED | BAYWOOD HOMES INC | WHITTAKER DENNIS G + | 1 |
| 206182800 | 0 | 0 | 12/15/2006 | WARRANTY DEED | BAYWOOD HOMES INC | QUIMBY GREG + | 1 |
| 207070973 | 0 | 0 | 5/25/2007 | WARRANTY DEED | BAYWOOD HOMES INC | BARKOCY TIMOTHY J | 1 |
| 207016281 | 0 | 0 | 2/5/2007 | RELEASE OF DEED OF TRUST | MOUNTAIN VIEW BANK PT | BAYWOOD HOMES INC | 1 |
| 206124953 | 0 | 0 | 8/23/2006 | WARRANTY DEED | BAYWOOD HOMES INC | FRANKS EDWIN L + | 2 |
| 206124952 | 0 | 0 | 8/23/2006 | WARRANTY DEED | BAYWOOD HOMES INC | FRANKS EDWIN L + | 1 |
| 206124951 | 0 | 0 | 8/23/2006 | WARRANTY DEED | BLACK FOREST RESERVE HOMEOWNERS ASSOCIATION INC | BAYWOOD HOMES INC | 2 |
| 206124950 | 0 | 0 | 8/23/2006 | WARRANTY DEED | BLACK FOREST PARTNERS LLC | BAYWOOD HOMES INC | 1 |
| 207016282 | 0 | 0 | 2/5/2007 | RELEASE OF DEED OF TRUST | MOUNTAIN VIEW BANK PT | BAYWOOD HOMES INC | 1 |
| 207017896 | 0 | 0 | 2/7/2007 | RELEASE OF DEED OF TRUST | MOUNTAIN VIEW BANK PT | BAYWOOD HOMES INC | 1 |
| 207017897 | 0 | 0 | 2/7/2007 | RELEASE OF DEED OF TRUST | MOUNTAIN VIEW BANK PT | BAYWOOD HOMES INC | 1 |
| 206109361 | 0 | 0 | 7/26/2006 | WARRANTY DEED | BLACK FOREST SERVE HOMEOWNERS ASSOCIATION INC | BAYWOOD HOMES INC | 2 |
| 207047290 | 0 | 0 | 4/9/2007 | QUIT CLAIM DEED | BAYWOOD HOMES INC | SCHWAB MARK T + | 1 |
| 206175848 | 0 | 0 | 12/4/2006 | WARRANTY DEED | BAYWOOD HOMES INC | MILLS OKEY R + | 1 |
| 206145404 | 0 | 0 | 10/2/2006 | RELEASE OF DEED OF TRUST | PUEBLO BANK & TRUST COMPANY PT | BAYWOOD HOMES INC | 1 |
| 207054438 | 0 | 0 | 4/23/2007 | DISBURSER'S NOTICE | BAYWOOD HOMES INC + | | 1 |
| 207060090 | 0 | 0 | 5/3/2007 | RELEASE OF DEED OF TRUST | FIRST UNITED BANK PT | BAYWOOD HOMES INC | 1 |
| 207123155 | 0 | 0 | 9/21/2007 | LIEN/NOTICE OF LIEN | SCHWAB MARK + | BOULTON PAUL | 2 |
| 207181237 | 0 | 0 | 12/19/2007 | PT NOTICE OF ELECTION AND DEMAND | BAYWOOD HOMES INC | COLORADO NATIONAL BANK MAIN | 1 |

6

El Paso County Official Public Records Search Results – Printer Friendly                    4/1/12 10:57 PM

| 208023043 | 0 | 0 | 2/27/2008 | PT NOTICE OF ELECTION AND DEMAND | BAYWOOD HOMES INC | COLORADO STATE BANK AND TRUST | 1 |
| 208041449 | 0 | 0 | 4/10/2008 | WARRANTY DEED | BAYWOOD HOMES INC | 15646 POLE PINE POINT TRUST | 2 |
| 207050624 | 0 | 0 | 4/13/2007 | UCC3 AMENDED FINANCE | FIRST UNITED BANK | BAYWOOD HOMES INC | 1 |
| 207052376 | 0 | 0 | 4/18/2007 | QUIT CLAIM DEED | BFR KARNS FAMILY LIMITED PARTNERSHIP LP | BAYWOOD HOMES INC | 1 |
| 204207977 | 0 | 0 | 12/21/2004 | SATISFACTION OF LIEN | BAYWOOD HOMES INC | BLACKWELL ETOISE P + | 1 |
| 206178562 | 0 | 0 | 12/8/2006 | WARRANTY DEED | BAYWOOD HOMES INC | QUIMBY GREG + | 1 |
| 204122861 | | | 7/22/2004 | DEED OF TRUST | BAYWOOD HOMES INC | MOUNTAIN VIEW BANK | |
| 204160361 | | | 9/23/2004 | SATISFACTION OF LIEN | BAYWOOD HOMES INC + | VILLANUEVA RICHARD | 1 |
| 207052377 | 0 | | 4/18/2007 | DEED OF TRUST | BAYWOOD HOMES INC | COLORADO NATIONAL BANK PT | 7 |
| 204160362 | | | 9/23/2004 | WARRANTY DEED | BAYWOOD HOMES INC | MORRIS MARK E + | 1 |
| 204184949 | | | 9/30/2004 | RELEASE OF DEED OF TRUST | MOUNTAIN VIEW BANK PT | BAYWOOD HOMES INC | 1 |
| 208074529 | 0 | 0 | 6/30/2008 | PT CERTIFICATE OF PURCHASE | BAYWOOD HOMES INC | FIRST UNITED BANK NKA + | 6 |
| 207052378 | 0 | 0 | 4/18/2007 | DISBURSER'S NOTICE | BAYWOOD HOMES INC + | | 1 |
| 207054436 | 0 | 0 | 4/23/2007 | QUIT CLAIM DEED | TEDDER DEBRA | BAYWOOD HOMES INC | 1 |
| 207054437 | 0 | 0 | 4/23/2007 | DEED OF TRUST | BAYWOOD HOMES INC | COLORADO NATIONAL BANK PT | 7 |
| 204192529 | | | 11/22/2004 | RELEASE | STOCK BUILDING SUPPLY INC | BAYWOOD HOMES INC + | 1 |
| 203149928 | | | 7/1/2003 | DEED OF TRUST | BAYWOOD HOMES INC | MOUNTAIN VIEW BANK | |
| 203149929 | | | 7/1/2003 | ASSIGNMENT OF RENTS | BAYWOOD HOMES INC | MOUNTAIN VIEW BANK | |
| 203149927 | | | 7/1/2003 | WARRANTY DEED | WIEPKING REAL ESTATE INVESTMENTS LLC | BAYWOOD HOMES INC | |
| 204076622 | | | 5/13/2004 | DEED OF TRUST | BAYWOOD HOMES INC | MOUNTAIN VIEW BANK PT | 8 |
| 204114408 | | | 7/8/2004 | LIEN/NOTICE OF LIEN | LAY GINA + | ABRAHAMSONS STRATMOOR HILLS L 15 B3 | 3 |
| 204126349 | | | 7/28/2004 | LIEN/NOTICE OF LIEN | BAYWOOD HOMES INC + | VILLANUEVA RICHARD | |
| 208132533 | 0 | 0 | 12/16/2008 | RELEASE OF DEED OF TRUST | TEDDER DEBRA J PT | BAYWOOD HOMES INC | 1 |
| 208082341 | 0 | 0 | 7/21/2008 | PUBLIC TRUSTEE DEED | BAYWOOD HOMES INC PT | FIRST UNITED BANK NKA + | 1 |
| 207125624 | 0 | 0 | 9/26/2007 | ABSTRACT OF JUDGEMENT/TRANSCRIPT OF JUDGEMENT | BAYWOOD HOMES INC + | TERRACON CONSULTING | 2 |
| | | | | NOTICE OF FEDERAL TAX | BAYWOOD | DEPARTMENT OF THE TREASURY - | |

7

El Paso County Official Public Records Search Results – Printer Friendly                          4/1/12 10:57 PM

| 209131248 | 0 | 0 | 11/12/2009 | LIEN | HOMES INC * | INTERNAL REVENUE SERVICE | 1 |
|---|---|---|---|---|---|---|---|
| 209142039 | 0 | 0 | 12/11/2009 | NOTICE OF FEDERAL TAX LIEN | BAYWOOD HOMES INC * | DEPARTMENT OF THE TREASURY ~ INTERNAL REVENUE SERVICE | 1 |
| 203149930 | | | 7/1/2003 | DISBURSER'S NOTICE | MOUNTAIN VIEW BANK ~ | BOWSTRING RD 1446 | |
| 207153724 | 0 | 0 | 12/3/2007 | LIEN/NOTICE OF LIEN | SCHWAB MARK * | AP DRYWALL | 2 |
| 207153725 | 0 | 0 | 12/3/2007 | LIEN/NOTICE OF LIEN | SCHWAB MARK * | AP DRYWALL | 2 |
| 208097759 | 0 | 0 | 9/2/2008 | RELEASE OF DEED OF TRUST | TEAMBANK PT | BAYWOOD HOMES INC | 1 |
| 207019173 | 0 | 0 | 2/9/2007 | RELEASE OF DEED OF TRUST | FIRST UNITED BANK PT | BAYWOOD HOMES INC | 1 |
| 207019172 | 0 | 0 | 2/9/2007 | RELEASE OF DEED OF TRUST | FIRST UNITED BANK PT | BAYWOOD HOMES INC | 1 |
| 207069033 | 0 | 0 | 5/22/2007 | MODIFICATION AGREEMENT OR CONSOLIDATION AGREEMENT | BAYWOOD HOMES INC * | FIRST UNITED BANK | 3 |
| 207069033 | 0 | 0 | 5/22/2007 | EXTENSION | FIRST UNITED BANK | BAYWOOD HOMES INC * | 3 |
| 208018060 | 0 | 0 | 2/19/2008 | PT CERTIFICATE OF PURCHASE | BAYWOOD HOMES INC PT | COLORADO NATIONAL BANK MAIN | 1 |
| 207112252 | 0 | 0 | 8/27/2007 | SATISFACTION OF LIEN | TRI-LAKES PLUMBING INC | BAYWOOD HOMES INC | 1 |
| 207003664 | 0 | 0 | 1/8/2007 | UCC3 AMENDED FINANCE | FIRST UNITED BANK | BAYWOOD HOMES INC | 1 |
| 207003665 | 0 | 0 | 1/8/2007 | UCC3 AMENDED FINANCE | FIRST UNITED BANK | BAYWOOD HOMES INC | 1 |
| 207139875 | 0 | 0 | 10/29/2007 | UCC3 AMENDED FINANCE | BAYWOOD HOMES INC ~ | COLORADO STATE BANK AND TRUST | 5 |
| 207085516 | 0 | 0 | 6/26/2007 | RELEASE OF DEED OF TRUST | MOUNTAIN VIEW BANK PT | BAYWOOD HOMES INC | 1 |

* + indicates additional names

CRS §38-38-401

Public Trustee Foreclosure Sale No. EPC201102629

I, the undersigned Public Trustee, certify that pursuant to the power and authority vested in me by law and by the Deed of Trust described as follows:

| | |
|---|---|
| Original Grantor(s) | Mark T Schwab |
| Original Beneficiary(ies) | Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc. |
| Current Holder of Evidence of Debt | CITIBANK N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF LEHMAN XS TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-11 |
| Date of Deed of Trust | February 15, 2007 |
| County of Recording | El Paso |
| Recording Date of Deed of Trust | February 22, 2007 |
| Recording Information | 207024157 |
| Original Principal Amount | $ 296,000.00 |

AND, upon Notice of Election and Demand being filed with me and recorded in said County as follows:

| | |
|---|---|
| Recording Date of Notice of Election and Demand | October 14, 2011 |
| Recording Reception No. | 211109174 |

Pursuant to §38-38-103, I first mailed a Combined Notice to the original grantor(s) of said Deed of Trust and to any persons required to be notified by CRS §38-38-103.5, §38-38-103, and §38-38-305. I further published the Combined Notice, in The Gazette, a newspaper of general circulation in said El Paso County as prescribed by law.

AND, on April 25, 2012 at 10:00, I exposed to public sale the property situate in the aforesaid El Paso County, State of Colorado, described as follows:

LOT 48 IN THE VALLEY, IN THE CITY OF COLORADO SPRINGS, EL PASO COUNTY, COLORADO;

Also known by street and number as: 6965 Peyote Way, Colorado Springs, CO 80930

**THE PROPERTY DESCRIBED HEREIN IS ALL OF THE PROPERTY ENCUMBERED BY THE LIEN OF THE DEED OF TRUST.**

At said sale, HO INVESTMENTS, LLC, hereinafter "Purchaser", whose legal address is 295 VIA LINDA VISTA, MANITOU SPRINGS, CO 80829, bid the sum of $157,050.00 for said property. Being the highest and best bid received therefor, the said property was struck off and sold to the said Purchaser. Unless a redemption is made, the said Purchaser or assignee of the Certificate of Purchase shall be entitled to a confirmation deed for said property at the end of all redemption periods allowed by law to all subsequent lienors and other persons entitled to redeem.

The bid submitted by the holder of the evidence of debt was a deficiency bid.

The amount of the deficiency as a result of the successful bid at sale is $203,242.46.

A copy of the executed Order Authorizing Sale and the Mailing List(s) submitted to the Public Trustee for this foreclosure are attached to and made a part of this Certificate of Purchase.

The public trustee shall retain the recorded certificate of purchase in the public trustee's records.

Executed on: April 25, 2012        Thomas S. Mowle, Public Trustee in and for the County of El Paso, State of Colorado

# Assessor



l Paso County, Colorado
*Services*

## Public Record Property Information

Property
Search

Parcel Map
Print Data
County Zoning
Comparable
Search

Map Sheet
51363.tif

Photo
5136301019.jpg

### Personal Information

| | |
|---|---|
| Schedule No: | 5136301019 |
| Owner Name: | BALDWIN CURTIS M |
| Location: | 10957 SILVER MOUNTAIN PT |
| Mailing Address: | 10957 SILVER MOUNTAIN PT COLORADO SPRINGS CO 80908-1591 |



### Legal Description

LOT 24 BLACK FOREST RESERVE FIL NO 2

Plat No:    12393

### Market Information (2013 Values)

Levy Year: 2013    Mill Levy: 80.542    Exempt Status: Not Exempt

| Table | Use Code | 2013 Market Value | 2013 Assessed Value | Exempt |
|---|---|---|---|---|
| Land | SINGLE FAMILY RES. | 105359 | 8390 | |
| Land | WELL AND SEPTIC | 5000 | 400 | |
| Imp | FRAME VERY GOOD QUALITY | 656160 | 52230 | |
| Imp | Sheds/Misc | 7487 | 600 | |
| | Total Value $ | 774006 | 61620 | |

## Tax Entity and Levy Information   County Treasurer Tax Information

( District: JB7 )

| Taxing Entity | Contact Name | Contact Phone |
|---|---|---|
| EL PASO COUNTY | FINANCIAL SERVICES | (719) 520-6498 |
| EPC ROAD & BRIDGE (UNSHARED) | | (719) 520-6498 |
| ACADEMY SCHOOL NO 20 | TOM GREGORY | (719) 234-1200 |
| PIKES PEAK LIBRARY | MIKE VARNET | (719) 531-6333 |
| FALCON FIRE PROTECTION | TRENT HARWIG | (719) 495-4050 |
| KIOWA CONSERVATION | PAM BREWSTER | (303) 621-2070 |

## Sale Information

( Click on the row for further information )

| Seq# | Sale Date | Sale Price | Sale Type |
|---|---|---|---|
| 1 | 08/11/2006 | 0 | - |
| 2 | 04/05/2007 | 260000 | Good sale; verified Vacant land |
| 3 | 03/05/2008 | 0 | - |
| 4 | 04/15/2011 | 550000 | REO Gvmt,FinInst,Short,PreFC |

## Land Information

| Seq # | Use | Exempt | Area |
|---|---|---|---|
| 1 | SINGLE FAMILY RES. | | 2.51 acres |
| 2 | WELL AND SEPTIC | | 0 |

## Residential Information

( Click on the row for further information )

| Bldg # | Year Built | Style | Total Living Area |
|---|---|---|---|

| 1 | 2007 | Two Story | 4389 |

## Commercial Information

( Click on the row for further information )

| Bldg # | Admin Code | Year Built | Neigh # | Area |
|--------|------------|------------|---------|------|
| 1 | Sheds/Misc | 2011 | 94 | 400 |

We have made a good-faith effort to provide you with the most recent and most accurate information available. However, if you need to use this information in any legal or official venue, you will need to obtain official copies from the Assessor's Office. Do be aware that this data is subject to change on a daily basis. If you believe that any of this information is incorrect, please call us at (719) 520-6600.

05

 Assessor

 El Paso County, Colorado
~Services

## Public Record Sale Information

(Seq # 2)



Schedule No: 5136301019
Reception: 207046341
Sale Amount: $ 260000

Book: 0
Date: 04/05/2007
Verified: Yes

Page: 0
Doc Fee: $26.00
Deed Type: WARRANTY DEED

Code: Good sale; verified

Code2: Vacant land
Grantor:

| BLACK FOREST PARTNERS LLC |

Amt. Financed: $ 870624
Financing: New 8.75% Fixed
Points: 0  by:
Balloon: Y
Installment Contract: N
PP/Good Will: $ 0
Interest : 100%
Related Parties: N

Grantee:

| SCHWAB MARK T |

Down Pmt: $ 0
Term: 1 yr 0 mo
Condition:
Amount: $ 948073       Due: 03/26/2008
Date: 0
Trade/Exch: $ 0
Finance Fee: $ 0
Land Inspection: Y

We have made a good-faith effort to provide you with the most recent and most accurate
information available. However, if you need to use this information in any legal or official
venue, you will need to obtain official copies from the Assessor's Office. Do be aware that
this data is subject to change on a daily basis. If you believe that any of this information is
incorrect, please call us at (719) 520-6600.

05





## Public Record Sale Information

(Seq # 3)

Schedule No: 5136301019
Reception: 208026222
Sale Amount: $ 0

Book:
Date: 03/05/2008

Page:
Doc Fee: $0.00
Deed Type: QUIT CLAIM
DEED

Code: -

Verified: N/A

Grantor:

Grantee:

SCHWAB MARK T

TAYLOR JAMES H

Amt. Financed: $
Financing: %
Points: by:
Balloon:
Installment Contract:
PP/Good Will: $
Interest :
Related Parties:

Down Pmt: $
Term: yr mo
Condition:
Amount: $
Date:
Trade/Exch: $
Finance Fee: $
Land Inspection:

Due:



We have made a good-faith effort to provide you with the most recent and most accurate
information available. However, if you need to use this information in any legal or official
venue, you will need to obtain official copies from the Assessor's Office. Do be aware that
this data is subject to change on a daily basis. If you believe that any of this information is
incorrect, please call us at (719) 520-6600.

05

14





## Public Record Sale Information

### (Seq # 4)



Schedule No: 5136301019
Reception: 211037917
Sale Amount: $ 550000

Book:
Date: 04/15/2011

Page:
Doc Fee: $55.00
Deed

Code: REO,Gvmt,Fininst,Short,PreFC    Verified: Yes

Type: WARRANTY
DEED

Grantor: TAYLOR JAMES H

Grantee:
ALMQUIST-BALDWIN SUSAN RENEE

Amt. Financed: $ 417000
Financing: New 3.625% Variable
Points: 0  by:
Balloon: N
Installment Contract:
PP/Good Will: $ 0
Interest : 100%
Related Parties: N

Down Pmt: $ 0
Term: 30 yr 0 mo
Condition: Poor
Amount: $ 0
Date: 0
Trade/Exch: $ 0
Finance Fee: $ 0
Land Inspection:

Due: 0

We have made a good-faith effort to provide you with the most recent and most accurate
information available. However, if you need to use this information in any legal or official venue,
you will need to obtain official copies from the Assessor's Office. Do be aware that this data is
subject to change on a daily basis. If you believe that any of this information is incorrect, please
call us at (719) 520-6600.

05

FIRST UNITED BANK NATIONAL ASSOCIATION N vs. BAYWOOD HOMES INC A COLORADO CORPORATION e...

HSBC BANK USA NATIONAL ASSOCIATION AS TR vs. SCHWAB, EVELYN et al

MILLER, VIRGINIA et al vs. MILLER, VERNON et al

PIKES PEAK NATIONAL BANK vs. TAYLOR, JAMES H et al

SCHWAB, JAMES vs. MASCITELLI, CARMEN JOHN JR

SCHWAB, MARCHA B et al vs. WILLIAMS, JAMES R. et al

STOCK BUILDING SUPPLY INC vs. BAYWOOD HOMES INC et al

TAYLOR BEAN WHITAKER MORTGAGE CORP vs. SCHWAB, HEIDI D

THE BONNYVILLE CONSTRUCTION CO et al vs. MORLEY, JAMES F et al

$\boxed{EXHIBIT\ 3}$

| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 S. Tejon Street<br>Colorado Springs, Colorado 80903-2209<br>Mailing address: P.O. Box 2980<br>             Colorado Springs, CO 80901--2980 | EFILED Document<br>CO El Paso County District Court 4th JD<br>Filing Date: Mar 22 2013 01:51PM MDT<br>Filing ID: 51283993<br>Review Clerk: Teresa J Hombs |
|---|---|
| **Plaintiff:**<br>EPHOR, INC.<br>vs.<br>**Defendant:**<br>DAVID WEIN<br>vs.<br>**Third Party Defendants:**<br>MARK SCHWAB AND JAMES TAYLOR. | |
| | ▲ COURT USE ONLY ▲ |
| | Case No. 11CV1883<br><br>Division 21<br>Courtroom W450 |

## RULING ON DEFENDANT DAVID WEIN'S VERIFIED FOURTH MOTION FOR CONTEMPT

      This matter came before the court for a Show Cause Hearing on Defendant David Wein's Verified Fourth Motion for Contempt. Evidence was received on January 31 and February 1, 2013. The court hereby makes the following findings of fact and conclusions of law and enters the following order.

### Statement of the Case

1.  Plaintiff is a Wyoming Corporation in the business of training United States servicemen and competes for contracts to provide those services to the United States government. Defendant David Wein was the Chief Financial officer and a director of Plaintiff, Ephor Inc. Third Party Defendant Mark Schwab is the President and Chief Contracting Officer, as well as a director of Plaintiff Ephor, Inc. Third Party Defendant James Taylor is the Secretary and Chief Operations Officer and a director of Plaintiff, Ephor, Inc.

2.  On or about February 17, 2011, defendant was terminated from his position as chief financial officer of plaintiff. On or about March 15, 2011, defendant was removed as a director of plaintiff. Plaintiff alleges that defendant entered into a promissory note that constituted a conflicting interest transaction which warranted his termination. Plaintiff has brought claims for theft of trade secrets, civil theft, breach of third-party beneficiary contract, and breach of fiduciary duty.

3. Defendant has denied the claims and brought counterclaims and third-party claims for breach of the articles of incorporation, breach of the corporation's bylaws, breach of a compensation agreement, breach of a restricted stock agreement, civil theft, conversion, breach of an executive compensation agreement, violations of the Wyoming Business Corporation act, bad faith trade secret misappropriation, breach of fiduciary duty, tortious interference with contractual relations, and civil conspiracy.

4. On November 23, 2011, Defendant Wein filed a motion for advancement of his legal expenses associated with the case. He argued that Plaintiff's bylaws required advancement and indemnification of legal expenses "if any person is made a party to or is involved in any proceeding because such person is or was a director or officer of the Corporation." On December 27, 2011, the court granted this motion pursuant to Wyo. Stat. Ann. § 17-16-854 and ordered advancement of $100,000 in legal fees to be paid by January 10, 2012. Plaintiff moved for a stay of this order which the court granted on January 10, 2012. After a hearing on this issue on February 2, 2012, the court rescinded its previous order. The court granted Defendant's request for advancement of legal expenses but decided to proceed in piecemeal fashion with periodic advancement of portions of the necessary legal expenses.

5. On February 23, 2012, the court ordered plaintiff to make a payment of $12,000 by 5 p.m. on February 27, 2012 to Defendant Wein. On February 23, 2012, plaintiff filed a motion to stay payment in which Plaintiff claimed a present inability to pay the $12,000. The court denied the request for a stay. The payment was not made. On March 1, 2012, defendant filed a motion for contempt citation based on the failure to pay the $12,000.

6. A show cause hearing was scheduled for May 25, 2012. Plaintiff made the $12,000 payment on May 23, 2012, and the parties stipulated to vacate the show cause hearing and conduct a case management conference. At the case management conference a new trial date was chosen because the failure to pay Defendant's legal expenses had hindered Defendant's ability to prepare for trial. In addition, further argument was heard on the issue of advancement and indemnification of legal expenses incurred by defendant. The court ruled that not all of defendant's legal expenses fell within the indemnification and advancement requirements of the bylaws. The court ruled that 47% of defendant's legal fees associated with the substantive causes of action fell within the bylaws, and 100% of defendant's legal fees associated with obtaining indemnification and/or advancement fell within the bylaws. The court ruled that all legal fees were subject to review by the court for reasonableness. This ruling resulted in Plaintiff owing a balance of approximately $13,000 as of that date. The court ordered Plaintiff to make the payment by June 5, 2012. The payment was not made. On June 8, 2012 Defendant Wein filed his first Motion for Contempt Citation based on the failure to pay the $13,000.

7. The show cause hearing related to the $13,000 was scheduled for July 20, 2012, but this was rescheduled to August 10, 2012, and this was rescheduled again due to various defects in service of the citation to show cause. An Amended Motion for Contempt Citation was filed August 15, 2012, and a Second Amended Motion for Contempt Citation was filed September 7, 2012. The show cause hearing was scheduled for

2

November 8, 2012. Legal issues arose because Defendant put the directors of Ephor on notice that the contempt citation was being sought not only against Ephor, Inc. but also against the directors personally, and therefore the possibility of jail, as both a remedial and punitive sanction, was being sought. This required the directors, including Richard Sullivan, Ephor's Chief Financial Officer, to obtain their own counsel to defend them on the contempt citation.

8.  At hearings on August 10 and 27, 2012, the court ordered discovery of various financial documents of Plaintiff Ephor, Inc. so that Defendant could adequately prosecute the contempt. Specifically, the court ordered discovery of Ephor's balance sheets, cash flow statements, bank account statements, income, accounts payable (including payroll information) and other accounting records for the months of January to October 2012. The court ordered Ephor to interpret the court's discovery order broadly in the event there was a question about whether any particular document should be disclosed. The court warned Ephor that failure to comply with the discovery order could result in the court taking adverse inferences against it at the show cause hearing.

9.  On October 1, 2012, the court stayed the substantive action and vacated the second trial date because it was apparent that Plaintiff's failure to abide by the court's order to advance payment of Defendant's legal expenses was prohibiting substantive preparation of the case. The Third Amended Motion for Contempt Citation was filed October 15, 2012, and the show cause hearing was scheduled for December 12, 2012.

10. Much confusion existed between the parties and the court about the appropriate procedures to follow and the possible sanctions that could be imposed when contempt is being sought against a corporation which, by necessity, must act through its officers. When a corporation is ordered to make a payment, serious questions arise as to whether the court necessarily has jurisdiction over any individual officer such that jail could be imposed for failing to abide by the court order. Because proceeding against the directors personally gave them a right to remain silent, Defendant was unable to depose Ephor's chief financial officer. The deposition was necessary to accurately interpret the financial records that had been disclosed. Therefore, to expedite matters, Defendant decided to forego prosecuting the contempt against the directors personally. In this posture, the directors were no longer in danger of going to jail and therefore no longer had a right to remain silent. Defendant Wein then requested, and the court granted, a deposition of the chief financial officer of Ephor, Richard Sullivan, for the purpose of prosecuting the contempt.

11. Defendant Wein made efforts to schedule the deposition and Plaintiff Ephor acted as if it would cooperate, however the deposition did not occur because Mr. Sullivan suddenly resigned his position and left the country, ostensibly for the purpose of taking a new defense contract and working in Afghanistan. The show cause hearing of December 12, 2012, did not occur, but the court and counsel had discussions about the sanctions which were possible once the show cause hearing was finally held. Defendant Wein argued that Ephor's officers may be jailed as a punitive sanction because the corporation may only act through its officers. Plaintiff Ephor objected. The court ruled that jail was not a

3

possible sanction because the court did not have jurisdiction over the directors personally and because Defendant Wein had previously withdrawn his request to seek sanctions against the officers personally.

12. Defendant Wein filed his Fourth Amended Motion for Contempt Citation on December 20, 2012 seeking both punitive and remedial sanctions in the form of fines, imprisonment, and attorney fees. Thereafter the deposition of Mark Schwab was taken, and the show cause hearing was finally held on January 31 and February 1, 2013.

13. After receiving evidence at the show cause hearing, the parties elected to delay a ruling from the court so that the parties could attempt to reach a negotiated settlement. Such efforts failed and both sides have submitted their closing arguments in writing. This ruling follows.

## Statement of the Issues Presented to the Court

14. The issue presented to the court is whether Plaintiff Ephor, Inc. should be found to be in contempt of this court's order to pay Defendant Wein his legal expenses as required by Ephor's bylaws when it failed to pay the $13,016.07 by June 5, 2012, as ordered by the court on May 25, 2012.

15. Defendant Wein seeks punitive and remedial sanctions in the form of fines, imprisonment, attorney fees and costs. Defendant Wein argues that Plaintiff's decision to terminate his employment and thereby deprive him of an income, along with Plaintiff's failure to abide by its own bylaws which require indemnification of his legal expenses, has frustrated his ability to defend himself in this action. Defendant argues that Plaintiff's flouting of the court's order has insulted the dignity of the court. Defendant argues that because a corporation may only act through its officers, imprisonment of the culpable officers should be a viable sanction.

16. Plaintiff Ephor, Inc. defends the contempt citation by arguing a present inability to pay. Plaintiff Ephor, Inc. argues it has not had the ability to pay since the court entered the order on May 25, 2012. Plaintiff argues that its income has not been sufficient to maintain its operations and simultaneously comply with the court's order. Plaintiff argues that it is rational for it to prioritize the making of its payroll over compliance with the court's order and such a choice should not be considered contemptuous. Plaintiff argues that imprisonment is not a viable sanction because the court has already ruled on this issue and Mr. Schwab relied on the court's ruling by giving up his right to remain silent at the deposition or to have counsel represent him personally.

## Applicable Law

17. CRCP 107(a) defines contempt, in part, as "behavior that obstructs the administration of justice; disobedience or resistance by any person to or interference with any lawful writ, process, or order of the court; or any other act or omission designated as contempt by the statutes or these rules."

4

18. Remedial and punitive sanctions may be combined by the court, provided, appropriate procedures are followed relative to each type of sanction and findings are made to support the adjudication of both types of sanctions. CRCP 107(e).

19. The standard of proof for punitive contempt is proof beyond a reasonable doubt. CRCP 107(d)(1). The standard of proof for remedial contempt is by a preponderance of the evidence. CRS 13-25-127(2).

20. In a case of indirect remedial contempt, the moving party has the burden of proof. However, the contemnor has the burden of proving his present inability to comply with the court's prior orders. *Marriage of Lamutt*, 881 P.2d 445 (Colo. App. 1994). In a case of indirect punitive contempt, the contemnor has a presumption of innocence and a right to remain silent. CRCP 107(d)(1).

21. In all cases of indirect contempt where remedial sanctions are sought, the nature of the sanctions and remedies that may be imposed shall be described in the motion or citation. Costs and reasonable attorney's fees in connection with the contempt proceeding may be assessed in the discretion of the court. CRCP 107(d)(2). Remedial sanctions for contempt must be supported by findings of fact establishing the contemnor (1) did not comply with a lawful order of the court; (2) knew of the order; and (3) has the present ability to comply with the order. See *In re Marriage of Cyr*, 186 P.3d 88, 93 (Colo. App. 2008); *In re Marriage of Lodeski*, 107 P.3d at 1102; *People ex rel. PUC of Colo. v. Entrup*, 143 P.3d 1120, 1124 (Colo. App. 2006). The timing of determining the present ability to comply is at the time of the show cause hearing. See *In re Marriage of Lodeski*, 107 P.3d at 1103.

22. The conduct of the contemnor must be found to be willful before punitive sanctions may be imposed. Willfulness is not a requirement for remedial contempt sanctions. *In Re Marriage of Cyr and Kay*, 186 P.3d 88 (Colo.App. 2008). When the contemnor is a corporation, "willful" means a volitional act done by one who knows or should reasonably be aware that his or her conduct is wrongful. Fletcher Cyclopedia of the Law of Corporations § 5070.10.

## Findings of Fact

23. This court ordered Ephor, Inc. to pay $13,016.07 to Defendant Wein by May 25, 2012 for indemnification of his legal fees associated with this action as required by Ephor's bylaws.

24. Mr. Taylor, Mr. Sullivan and Mr. Schwab formed ARES Management Group, LLC, in September 2011, the same month that Defendant Wein moved the court for advancement or indemnification of his legal fees pursuant to Ephor's bylaws. They did this for the sole purpose of diverting funds from Ephor, Inc., to a Nevada corporation, ARES Management Group, LLC, to be used as an undisclosed conduit to pay wages to Messrs. Sullivan, Taylor and Schwab for services rendered to Ephor.

25. In Defendant's Exhibit 4, the Key Business Reward Checking Account statements, the "payrolll" entry on 2/28/2012 shows a payroll payment of $21, 153.00.  The direct testimony of Mr. Schwab confirms that the word "payroll," with two "ls" referred to Ephor employee payroll and "payrolll," with three "ls," referred to money surreptitiously deposited into the Nevada Corporation, ARES Management Group, LLC, to pay Messrs. Sullivan, Taylor and Schwab for services rendered to Ephor.

26. As early as December 2011, Ephor, Inc., and Messrs. Schwab, Taylor and Sullivan knew that this Court had awarded Mr. Wein indemnification and, initially, had awarded $100,000 to be paid in indemnification.  Ephor, Inc., and Messrs. Schwab, Taylor and Sullivan knew that although the Court had vacated the initial award of $100,000 in immediate indemnification, it was to be expected that a significant amount would be paid over the course of 2012 in indemnification to Mr. Wein.

27. Although Ephor, Inc., had available to it $100,000 at the end of 2011, Ephor, Inc., did not create a reserve on its books to cover the court-ordered indemnification, and did not reflect as a liability, either on a cash basis or an accrual basis, the indemnification initially ordered by the Court.

28. During calendar year 2012, Ephor transferred to ARES Management Group LLC in excess of $220,000 to pay Messrs. Sullivan, Taylor and Schwab wages for services provided to Ephor, notwithstanding their knowledge of the Court-ordered indemnification.

29. In the months after the court's order of May 25, 2012, as noted by the documentary evidence presented at the hearing, and as confirmed on cross-examination, Ephor had sufficient monies in its bank account in many months to pay the Court-ordered indemnification of $13,019.67, but chose not to do so.

30. The historic monthly cash flow of Ephor, Inc., during the 2012 calendar year was in excess of $15,000 per month.

31. The present incoming cash flow to Ephor under the "MEP Contract" is $31,000 per month.

32. Mr. Schwab acknowledged that Ephor still has the "present ability to pay," even though it may mean that employees and other vendors may not get paid.

33. Mr. Schwab also conceded that Ephor, Inc., had the ability, from time to time after the court's order of May 25, 2012, to transfer portions of the court-ordered indemnification to either the Court or to Mr. Wein, but chose not to do so.

34. Defendant's Exhibit 8, the Key Business Reward Checking account statement, shows a 6/5/12 "payrolll" entry for $6000.00.  It also shows a "payrolll" entry on 6/18/12 of $5550.00.  Ephor's bank statement for May 31, 2012 shows a balance of $9,221.64.

6

35. Defendant's Exhibit 9, the Key Business Reward Checking account statement, shows "payroll" entries of $2700 on each of July 5, 16, and 30, 2012. The July ending balance was $40,477.71.

36. Defendant's Exhibt 10, the Key Business Reward Checking account statement, shows "payroll" entries of $2700 on each of August 14 and 27, 2012. The August ending balance was $25,592.88.

37. Defendant's Exhibit 11, the Key Business Reward Checking account statement, shows "payrolll" entries of $2700 on each of September 10, 24, and 26, 2012. The September ending balance was $24,776.91.

38. Defendant's Exhibit 12, the Key Business Reward Checking account statement, shows "payrolll" entries of $1080 on 10/5/12 and $1620 on 10/11/12. The October ending balance was $11,149.41.

39. Defendant's Exhibits 24, 25, and 26, the ARES Management Group LLC Chase Account for the months of May, June, and July of 2012, show deposits transferred from the Ephor "payrolll" account outlined above.

40. Defendant's Exhibit 43, an email attaching the Key Bank statement, shows an available balance in Ephor's Key Bank Rewards Checking Account of $18,533.07 as of January 4, 2013 – a mere three weeks before the show cause hearing. This same exhibit shows Ephor's total income for November 2012 as $16,586.58, for December 2012 as $29,515.18, and for January 2013 as $20,750.00.

## Analysis and Legal Conclusions

41. Wyoming's corporate officer indemnification statutes, under which Plaintiff incorporated, are practically identical to those enacted by Colorado. See Wyo. Stat. Ann. § 17-16-851 *et. seq.*, and CRS 7-109-101 *et. seq.* Colorado, Wyoming, and many other jurisdictions have enacted these laws to encourage capable and responsible individuals to accept positions in corporate management secure in the knowledge that expenses incurred by them in upholding their duties will be borne by the corporation. "Today, when both the volume and the cost of litigation have increased dramatically, it would be difficult to persuade responsible persons to serve as directors if they were compelled to bear personally the cost of vindicating the propriety of their conduct in every instance in which it might be challenged." *Weisbart v. Agri Tech, Inc.*, 22 P.3d 954, 958 (Colo.App. 2001).

42. Plaintiffs carrying on of this action for over a year and a half without advancing Wein's attorney fees despite often having sufficient funds to do so, represents an intentional and egregious breach of its bylaws. Because a bylaw constitutes a contract between the shareholders and the company, and because courts construe such bylaws according to the general rules of contract interpretation, a court may not abrogate or modify a bylaw

7

provision. It is the court's duty to enforce them as they find them. *P.F.P. Family Holdings, L.P. v. Stan Lee Media, Inc.*, 252 P.3d 1, 4 (Colo.App. 2010).

43. This court did not draft Ephor's bylaws. If plaintiff seeks to avail itself of the justice of this court, it must comply with the orders of this court. Plaintiff may disagree with the court's interpretation of its bylaws, but it may not cook its books in an effort to avoid the court's order. Reasonable minds may differ regarding the 47% formula the court enacted to effectuate the indemnification provisions, but the court's order of $13,000 was merely a fraction of the foreseeable attorneys fees associated with this action. The court understands that Ephor has difficult financial decisions to make, but intentionally de-prioritizing the court's order is not equivalent to a "present inability to comply." It is beyond dispute that Ephor, Inc. flagrantly, continuously, and contemptuously violated the letter and the spirit of this court's orders. The court has no desire to cause more financial pain for Plaintiff. The court prefers Ephor's funds to go to paying Defendant's indemnification so that the merits of this dispute can be adjudicated, but the sanctions available to the court are limited, and Ephor has left the court no choice but to impose a monetary fine.

44. In regards to punitive contempt, the court finds that Defendant Wein has proven beyond a reasonable doubt that (i) Ephor, Inc. was subject to this court's order of May 25, 2012 to pay $13,016.07 to Defendant Wein by June 5, 2012, (ii) Ephor had the ability to comply, either in a lump sum or piecemeal, with the court's order in the months subsequent to the order and up until the date of the show cause hearing, (iii) Ephor willfully failed to obey the court's order, and (iv) Ephor's actions are offensive to the authority and dignity of the court.

45. As a punitive sanction for this behavior, the court hereby fines Ephor, Inc. $10,000.00 to vindicate the dignity of the court. Said fine is to be paid into the court's registry within five business days of this order. Said fine will not be suspended and is completely independent of any remedial sanctions imposed. Said fine is completely independent of the indemnification ordered. The court declines to imprison any of Ephor's officers as part of the punishment.

46. In regards to remedial contempt, the court finds that Defendant Wein has proven by a preponderance of the evidence (and, in fact, beyond a reasonable doubt) that (i) Ephor was subject to this court's order of May 25, 2012 to pay $13,016.07 to Defendant Wein by June 5, 2012, (ii) Ephor failed to obey the court's order, and (iii) Ephor has the present ability to comply with the court's order and has had the ability to comply with the court's order in at least a piecemeal fashion in the months subsequent to the order and leading up to the show cause hearing.

47. As a remedial sanction for this behavior, the court hereby fines Ephor, Inc. $100.00 per day beginning March 23, 2012 and until such time as the contempt is purged by complying with the court's order of May 25, 2012 to pay $13,016.07 to Defendant Wein. In addition, as a remedial sanction, Defendant Wein's costs and reasonable attorney's fees associated with prosecuting the contempt proceeding    shall also be paid by Ephor,

8

Inc. Defense counsel shall have 21 days to submit an affidavit of costs and fees, and Ephor shall have 14 days thereafter to object to the reasonableness thereof. The court declines to imprison any of Ephor's officers as a remedial sanction.

48. In addition to imprisonment, a fine, and attorney fees and costs, Defendant Wein requested a number of additional sanctions. Specifically, Defendant requested the court to (i) appoint a receiver for Ephor to manage its business and financial operations, (ii) stay Ephor's ability to prosecute its claims until it complies with the court's indemnification order, and/or (iii) dismiss Ephor's claims without prejudice until it complies. Defendant has not provided the court with legal authority demonstrating that the court has the power to impose such sanctions under CRCP 107, therefore the court declines said requests.

WHEREFORE, Plaintiff Ephor, Inc. is fined $10,000.00 to be paid into the court's registry within five business days of this order as a punitive sanction for being in contempt of this court's May 25, 2012 order. Further, as a remedial sanction for being contempt, Ephor, Inc. is fined $100.00 per day beginning March 23, 2013, and until such time as Ephor, Inc. has complied with the court's May 25, 2012 order, specifically to pay $13,016.07 to Defendant Wein for his legal expenses associated with this action up through that date.

Done this 22nd day of March, 2013.

Michael P. McHenry
District Court Judge

9